Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | AMY J. ST. EVE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6610 | **DATE** | 8/21/2012 |
| **CASE TITLE** | U.S. ex rel. Jermaine Davis (#R-42349) vs. Joseph Yorkovich, et al. | | |

**DOCKET ENTRY TEXT:**

The State is ordered to answer the petition or otherwise plead by 9/14/12. On the Court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a Respondent.

■ [**For further details see text below.**]  **Docketing to mail notices.**

## STATEMENT

Jermaine Davis, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his murder conviction on the grounds that: (1) his defense attorney was ineffective; and (2) the prosecutor confused the jury by erroneously arguing that if the evidence established aggravated battery, then it was proper to render a guilty verdict for murder. Petitioner has paid the statutory filing fee.

Petitioner indicates that he has exhausted state court remedies with respect to his claim that defense counsel's performance was deficient; furthermore, he appears to have filed his petition in a timely manner. However, he may have procedurally defaulted on his claim concerning the State's purportedly improper closing arguments.

The Respondent is ordered to answer the petition or otherwise plead by September 14, 2012. This preliminary order to respond does not, of course, preclude the State from making whatever arguments concerning waiver, exhaustion, timeliness, or procedural default the Respondent may wish to present.

Petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Petitioner must provide the Court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, Petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th
**(CONTINUED)**

mjm

**STATEMENT (continued)**

Floor, Chicago, Illinois 60601.  Every document filed by Petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing.  Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Petitioner.

On the Court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a Respondent.  *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996) (a state's attorney general is a proper party in a habeas petition only if the petitioner is not then confined); *see also* Rules 2(a) and (b) of Rules Governing Section 2254 Cases.  In this case, Petitioner is not challenging a future sentence, but rather his present confinement.  Therefore, the Attorney General is not a proper Respondent.